UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

SURAJ OLASUNKANMI TAIRU,

Petitioner,

09-CV-225 (ARR)

- against -

UNITED STATES OF AMERICA,

Respondent.
- - - - - - - - - - - - - - - - - -x

MEMORANDUM OF LAW IN OPPOSITION TO
PETITION FOR A WRIT OF ERROR CORAM NOBIS

BENTON J. CAMPBELL,
United States Attorney,
Eastern District of New York.

THOMAS M. SULLIVAN,
Assistant U.S. Attorney,
(Of Counsel)

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. TAIRU'S PETITION SHOULD BE DENIED BECAUSE IT DOES NOT CONSTITUTE "COMPELLING CIRCUMSTANCES" SUFFICIENT TO GRANT THE WRIT . . . . . . . . . . . . . . . . . . . . . 7

II. PETITIONER WAS NOT DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT ANY STAGE OF THE PROCEEDINGS . . . . . . 9

A. The Standard for Determining Ineffective Assistance Claims . . . . . . . . . . . . . . . . 10

B. Petitioner's Denial of the Right to Testify Claim is Without Merit Because He Was Not Precluded From Testifying At His Trial . . . . . . . . . . . . 12

C. Petitioner's Allegations as against Mr. Polak Do Not State A Basis Entitling Him to Coram Nobis Relief . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## PRELIMINARY STATEMENT

The government submits this memorandum in response to a petition dated January 12, 2009, in which Petitioner Suraj Olasunkanmi Tairu seeks to challenge a 1992 judgment convicting him of one count of conspiracy to import, distribute and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 846 and 963, importation of more than one kilogram of heroin, in violation of 21 U.S.C. § 9852(a), and distribution of and possession with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. § 841(a).

Having failed in his attempts to vacate his convictions on direct appeal and under 28 U.S.C. § 2255 (see Tairu v. United States, 92 CV 977 (ARR); 05 CV 1078 (ARR)), Petitioner seeks a writ of error coram nobis, claiming that he was denied the effective assistance of counsel and was denied an opportunity to testify at his trial. As we show below, his petition must be denied.

## PROCEDURAL HISTORY

Petitioner was convicted in 1990 after a jury trial in the United States District Court for the Eastern District of New York of conspiracy to import, distribute, and possess with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. 846 and 963, importation of more than one kilogram of

heroin, in violation of 21 U.S.C. 952(a), and distribution of and possession with intent to distribute more than one kilogram of heroin, in violation of 21 U.S.C. 841(a)(1).

Specifically, Petitioner was convicted for his role in a scheme to import more than one kilogram of heroin from Nigeria into the United States. The scheme failed when a U.S. Customs Service inspector at John F. Kennedy Airport discovered a courier with packages of heroin. The courier agreed to cooperate and made several telephone calls to petitioner, to whom she had been instructed to deliver the drugs. When she told the Petitioner she had been arrested, petitioner asked, “Did they get anything on you?” and “Did they find it?” Later, not believing the courier had been arrested, he made efforts to persuade her to deliver the drugs he thought she still had.

Following his trial but before sentencing, petitioner filed a letter requesting a new trial based on newly discovered evidence. The district court construed the letter as a motion under 28 U.S.C. 2255 and denied it on February 1, 1993. Tairu v. United States, 1993 WL 36127 (E.D.N.Y.). Petitioner appealed his judgment of conviction, arguing that the prosecutor had made improper comments in closing argument on his failure to testify and argued against the sufficiency of evidence based on the credibility of witnesses. The Court of Appeals affirmed in a summary order entered on September 2, 1992. United States v.

Tairu, No. 92-1190. Petitioner appealed and on October 1, 1993, the court of appeals dismissed the appeal as frivolous. Tairu v. United States, No. 93-2129 (2d Cir. Oct. 1, 1993).[1]

In a letter of December 5, 2003, petitioner asked the district court for permission to file a second or successive motion under 28 U.S.C. 2255. The district court transferred the request to the court of appeals, which denied it on March 30, 2004 for failure to meet the criteria in 28 U.S.C. 2244(b).[2] Petitioner nevertheless filed a habeas petition in the district court on February 22, 2005. Because the court of appeals had not authorized the district court to consider a second or successive petition, the district court again transferred the petition to

---

[1] The district court noted the date of the court of appeals decision as October 8, 1993, but the docket reflects an order dismissing the appeal as frivolous on October 1, 1993.

[2] In referring to the criteria of 28 U.S.C. 2244(b), the court of appeals probably meant to invoke the provision of 28 U.S.C. 2255 governing successive habeas petitions by federal prisoners, which provides (28 U.S.C. 2255 ¶ 8):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

the court of appeals. Pet. App. F 1-2; see 28 U.S.C. 2244(b)(3); Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003), cert. denied, 540 U.S. 1210 (2004).

On May 3, 2005, the court of appeals denied as unnecessary the request for leave to file a successive motion under 28 U.S.C. 2255, having determined that the motion should be considered a first Section 2255 motion. The court of appeals therefore transferred the application back to the district court.

The district court then considered the timeliness of petitioner's motion. His conviction became final 90 days after the court of appeals affirmed his conviction, or December 1, 1992. See Clay v. United States, 537 U.S. 522 (2003). Because petitioner's conviction became final before the one-year time limit enacted by the Anti-Terrorism and Effective Death Penalty Act (AEDPA),[3] he was entitled to a one-year grace period from

---

[3] 28 U.S.C. 2255 ¶ 6 provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable

AEDPA's effective date of April 24, 1996. He therefore had until April 24, 1997 to file a motion under 28 U.S.C. 2255. See Duncan v. Walker, 533 U.S. 167, 183 n.1 (2001). Because petitioner's request to file a second or successive petition on December 5, 2003, was nearly six and one-half years after the deadline for filing a habeas petition, the district court noted that it raised "questions regarding the one-year statute of limitations under the AEDPA." Pet. App. D 3.[4] Recognizing that the courts had allowed equitable tolling of the limitations period "in rare and exceptional circumstances," the district court ordered petitioner to demonstrate why the statute of limitations should be equitably tolled. Pet. App. D 3-4.

Petitioner responded by contending that his petition was timely because it was based on the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004). The one-year time limit, he claimed, ran not from the date of the enactment of AEDPA, but from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[4] The district court also observed that after the court of appeals had denied his request to file a successive habeas petition, petitioner waited approximately 11 months to file his Section 2255 motion. Pet. App. D 3.

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2255 ¶ 6 (3). Using the date of decision in Crawford, March 8, 2004, petitioner claimed that he had one year from that date and that his petition, filed on February 22, 2005, was therefore timely filed.

In an opinion dated August 11, 2005, the district court rejected petitioner's claim of timeliness, noting that the Second Circuit Court of Appeals had held that Crawford was not a watershed rule of criminal procedure and should therefore not be applied retroactively on collateral review. Tairu v. United States, 05-CV-1078, ECF Docket No. 7, at 3, citing Mungo v. Duncan, 393 F.3d 327, 332-336 (2d Cir. 2004), cert. denied, 544 U.S. 1002 (2005). Because petitioner could not rely on the date of the decision in Crawford, and he had offered no other reason for tolling the statute of limitations for the more than six years that had elapsed since he should have filed his petition, the district court dismissed the petition as untimely. Tairu v. United States, 05-CV-1078, ECF Docket No. 7, at 4. The district court also denied a certificate of appealability. Ibid.

The court of appeals also denied a certificate of appealability. The court stated that petitioner had made no showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" as to

the untimeliness of petitioner’s motion under 28 U.S.C. 2255. Id. at 4, quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Petitioner filed a notice of appeal with the court of appeals, and a motion with the district court pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(3) seeking vacatur of the Court’s decision. In an order dated September 28, 2006, the court of appeals denied the motion for an order of appealability and dismissed the petition. This Court denied Petitioner’s Rule 60(b) motion on December 26, 2006. On April 17, 2008, the court of appeals dismissed Petitioner’s appeal of the district court’s order denying relief under Rule 60(b).

On January 12, 2009, Petitioner filed this petition, styled as a Petition For Writ Of Error Coram Nobis To Vacate Judgment of Conviction, Under 28 USCA 1651.” ECF Docket #1. Petitioner’s writ is, in essence, an attempt to relitigate issue previously raised and rejected. For the reasons that follow, this petition has no legal merit and should be denied.

## ARGUMENT

### I. TAIRU’S PETITION SHOULD BE DENIED BECAUSE IT DOES NOT CONSTITUTE “COMPELLING CIRCUMSTANCES” SUFFICIENT TO GRANT THE WRIT

Petitioner claims again that (1) he received ineffective assistance of trial and appellate counsel; and (2) his trial counsel did not allow him to testify, in violation of

Petitioner’s right under the Sixth Amendment of the United States Constitution. Pet. at 1. These claims were raised (as to his trial counsel) and rejected in Judge Nickerson’s decision on Petitioner’s 1992 habeas petition. Tairu v. United States, 1993 WL 36127, *1 (Feb. 1, 1993) (ineffective assistance of counsel), *2 (right to testify at trial). These claims also do not meet the high standard for coram nobis relief, which has been set forth by the Court of Appeals as follows:

> Coram nobis is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which “‘errors . . . of the most fundamental character’” have rendered “‘the proceeding itself irregular and invalid.’” United States v. Carter, 437 F.2d 444, 445 (5th Cir.) (per curiam) (quoting United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19-20, 59 L.Ed. 129 (1914)), cert. denied, 403 U.S. 920, 91 S.Ct. 2238, 29 L.Ed.2d 698 (1971). A district court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), where “extraordinary circumstances are present.” Nicks v. United States, 955 F.2d 161, 167 (2d Cir. 1992). The proceedings leading to the petitioner's conviction are presumed to be correct, and “the burden rests on the accused to show otherwise.” United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954); Nicks, 955 F.2d at 167. A petitioner seeking such relief must demonstrate that 1) there are “‘circumstances compelling such action to achieve justice,’” id. at 167 (quoting Morgan, 346 U.S. at 511, 74 S.Ct. at 252-53), 2) “sound reasons exist [ ] for failure to seek appropriate earlier relief,” Morgan, 346 U.S. at 512, 74 S.Ct. at 253, and 3) the petitioner “continues to suffer legal consequences from his conviction that may be remedied by granting of the writ,” Nicks, 955 F.2d at 167.

Foont v. United States, 93 F.3d 76, 78-79 (2d Cir. 1996). The writ of coram nobis is "essentially a remedy of last resort[.]" United States v. Morgan, 346 U.S. 502, 511 (1954) (referring to writ of coram nobis as "extraordinary."); United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) ("the writ[] of error coram nobis . . . remain[s] available in very limited circumstances with respect to criminal convictions.").

In reviewing a coram nobis petition, the Court must "presume the proceedings were correct. The burden of showing otherwise rests on the petitioner." Fleming, 146 F.3d at 90, quoting Nicks v. United States, 955 F.2d 161, 1267 (2d Cir. 1992). Even assuming that Petitioner's claim that he is "slated for removal proceedings" as a result of his convictions, (Pet. at 13) is a continuing legal consequence, Petitioner cannot meet the first two requirements. See Foont, 93 F.3d at 78-79. Accordingly, his petition must be denied.

## II. PETITIONER WAS NOT DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL AT ANY STAGE OF THE PROCEEDINGS

Petitioner argues that both his trial and appellate counsel, Paul Morgenstern, Esq., and Alan Polak, Esq. respectively, rendered ineffective assistance. First, he alleges that Mr. Morgenstern failed to adequately prepare for trial, and refused to permit him to testify at trial. (Pet. § 8.D.A; Mem. 7-9). Second, he alleges that Mr. Polak, as Petitioner's

sentencing and appellate counsel, was ineffective, providing a litany of arguments. (Pet. § 8.D.B; Mem. 9-12). As we show below, petitioner's claims are without merit.

1. The Standard For Determining Ineffective Assistance Claims

A petitioner has a particularly heavy burden in sustaining a claim of ineffective assistance of counsel. As the Supreme Court stated in Strickland v. Washington, 466 U.S. 668, 686 (1984), the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance, measured by "an objective standard of reasonableness," was "deficient" and that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Moreover, the petitioner must also show a reasonable probability that, absent counsel's

unprofessional errors, the outcome of the proceeding would have been different. See Kimmelman, 477 U.S. at 375. Indeed, the "ultimate focus of the inquiry" is "whether . . . the result of the particular proceeding is unreliable because of a breakdown in the adversarial process." Strickland, 466 U.S. at 670, 696.

Notably, where the petitioner fails to establish prejudice, there need be no hearing to determine whether counsel's conduct is reasonable. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); see also Brown v. Artuz, 124 F.3d 73, 80 (2d Cir. 1997) ("even if Brown's conclusory allegation raised an issue on the performance prong of Strickland . . . , Brown cannot satisfy the prejudice prong of the Strickland test.").

Petitioner's claims regarding ineffective assistance of trial counsel are not sufficiently compelling to merit coram nobis relief. By way of example, petitioner seeks the writ based on claims ranging from the audibility of the government's tape; Pet. at 3; to insufficient evidence to support a finding that Petitioner engaged in a criminal conspiracy; id. at 4; to a claim that he was "wrongly convicted," id. at 5; to "false impression[s] created by the prosecution," id. at 6; to arguments of relevancy under Rule 104(b) of the Federal Rules of Evidence.

Id. at 7. See generally Pet. At 6-12.

Petitioner's kitchen sink approach only amplifies his effort to seek another review of claims and perceived grievances never previously brought before any court, and/or claims waived on habeas review. In any case, none of the claimed errors amount to "errors of the most fundamental character" warranting a writ of coram nobis. Foote, 93 F.3d at 76, 78 (citations and internal quotations omitted).

2. Petitioner's Denial Of The Right To Testify Claim Is Meritless Because He Was Not Precluded From Testifying At His Trial

Petitioner's next allegation -- that trial attorney Paul Morgenstern refused to permit him to testify at his trial -- is without merit. First, Mr. Morgenstern denies Petitioner allegation that he refused to allow him to testify at his trial. According to Mr. Morgenstern's sworn affidavit, he "followed [his] usual procedure" and "explained to Mr. Tairu that he had a right to testify" at his trial. Affidavit of Paul Morgenstern, dated April 3, 2009 (Exhibit A) ¶ 4. Mr. Morgenstern also averred that he "expressed his opinion" as to whether Petitioner should testify, "based upon the facts of the case, the relative strength and/or lack or [sic] strength of the government's case," and Mr. Morgenstern's fifteen years of trial experience. Id. According to Mr. Morgenstern, Petitioner made the decision not to testify after consulting with him, and that it was "a mutual

decision based on what [they] discussed." Id. Mr. Morgenstern would have permitted Petitioner to testify at trial, if he so chose: "If Mr. Tairu had decided to testify [Mr. Morgenstern] would have had no reason to stop him." Id. § 5. Mr. Morgenstern's affidavit establishes that Petitioner's decision not to testify was voluntary, was based on an analysis of the factual and legal issues of his case, and was not the product of coercion or undue influence.

To the extent that Petitioner and Mr. Morgenstern have given contrasting accounts of the facts, a hearing need not be held to resolve the dispute. The Court of Appeals has recognized that claims such as Petitioner's are easily made. See Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001) ("Chang bore the burden of proving his claim. His proffer involved a generic claim –- one that can be, and is often, made in any case in which the defendant fails to testify –- based solely on his own highly self-serving and improbable assertions."); see also Polanco v. United States, 2005 WL 1229255, *2 (E.D.N.Y. May 23, 2005)("As other courts have noted, 'without more, a [petitioner's] "barebones assertion" that his attorney told him not to testify in his own defense, even if that assertion is made under oath, has been held to be insufficient to justify a hearing or other action on a petitioner's claim that his right to testify in his own defense was denied him.'" (citations omitted)). Thus, a

petition can be dismissed without a full-blown hearing if the claim–as it is here–is belied by the record.

3. Petitioner's Allegations as against Mr. Polak Do Not State A Basis Entitling Him to Coram Nobis Relief

Similarly, because Petitioner's claims against his counsel at sentencing and on appeal are without merit, Petitioner cannot show that"extraordinary circumstances" exist.

Petitioner alleges that Mr. Polak's representation was deficient in failing to seek a new trial, based on the alleged violation of Petitioner's Fifth Amendment right to testify at his trial. This argument, as explained earlier, lacks any factual or legal merit. See Morgenstern Aff. ¶¶ 3-5. See Pet. at 5 ("The trial counsel robbed the court and jury of the opportunity to hear from the defendant Petitioner at his day(s) in court. The court wanted the undelivered information and Mr. Polak was appointed for rendering that service.").

Petitioner makes numerous conclusory and generalized allegations. See, e.g., Pet. at 10 ("Petitioner was not allowed the right to make input on decisions that affect his life, freedom and liberty."); id. ("Mr. Polak took sole control of Petitioner's appeal proceedings, making decisions on his own accord and executing them by his own whims and caprices, regardless of how and what Petitioner feels."); id. 11 ("Mr. Polak's nonchalant attitude regarding an issue that deeply

affects Petitioner's freedom and liberty was clearly a violation of Petitioner's right to an effective assistance of counsel at appeal level."). None of these allegation alone, or taken together, are sufficient to constitute "extraordinary circumstances." Nicks, 955 F.2d at 167.

In sum, with respect to both of his ineffective assistance of counsel claims, Petitioner has failed to prove either that counsel acted unprofessionally or that Petitioner was prejudiced by any lapse. The claims thus should be denied without a hearing.

CONCLUSION

Petitioner seeks the extraordinary remedy of a writ of coram nobis to correct trial errors that have not been raised on direct appeal (and therefore waived), or were addressed and rejected in prior proceedings pursuant to 28 U.S.C. § 2255. For the reasons set forth above, the petition should be denied.

Dated: Brooklyn, New York
April 13, 2009

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, N.Y. 11201

By: /s/
Thomas M. Sullivan
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

It is hereby certified that the undersigned served the within memorandum of law by mail on April 13, 2009, to Petitioner David Tairu, #24401, Hampton Roads Regional Jail, P.O. Box 7609, Portsmouth, VA 23707-7609.

Loretta Johnson
Paralegal Specialist