UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

SURAJ O. TAIRU

                           Petitioner,

    -against-

UNITED STATES OF AMERICA,

                           Respondent.

------------------------------------------------------------------ X

09-CV-225 (ARR)(LB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On January 12, 2009, petitioner Suraj O. Tairu, proceeding *pro se*, filed a petition seeking a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). Petitioner maintains that his 1992 judgment of conviction should be vacated because he received ineffective assistance of counsel from both his trial attorney and his sentencing and appellate attorney. For the reasons stated below, petitioner's application is denied.

I.    Background

On May 2, 1990, a jury found petitioner guilty of conspiring to import, distribute and possess with intent to distribute more than one kilogram of heroin; importation of more than one kilogram of heroin; and possession with intent to distribute more than one kilogram of heroin for his role in a scheme to import heroin from Nigeria into the United States. On March 6, 1992, the late Judge Eugene H. Nickerson of this court sentenced petitioner to the mandatory minimum imprisonment of 120 months on all three counts, to run concurrently; five years of supervised release; and assessments of $150. Petitioner appealed his judgment of conviction and the Court

1

of Appeals for the Second Circuit affirmed the conviction in a summary order. United States v. Tairu, No. 92-1190 (2d Cir. Sept. 24, 1992).

Following the jury's verdict in 1990, petitioner has filed numerous letters and motions with the court seeking to overturn his conviction. Before his sentencing petitioner filed with the district court a letter requesting a new trial based on newly discovered evidence, which the court construed as a motion to set aside the judgment of conviction pursuant to 28 U.S.C. § 2255. See Tairu v. United States, No. 92-CV-977, 1993 WL 36127 (E.D.N.Y. Feb. 1, 1993). In his letter, construed as a § 2255 petition, petitioner alleged that he was denied effective assistance of counsel. The court, citing Strickland v. Washington, 466 U.S. 668, 689 (1984), held that "[t]he court is satisfied that the performance of trial counsel fell within the range of reasonable professional assistance." Tairu, 1993 WL 36127 at *1-2. The court, addressing petitioner's contention that his trial counsel did not adequately investigate the case, found that petitioner "does not suggest what further investigation would have found or how it would have affected the outcome." Tairu, 1993 WL 36127 at *2. Addressing petitioner's argument that trial counsel should have asserted an entrapment defense, the court found that there was no basis for such a defense because there was nothing in the record suggesting that the government induced petitioner to commit the alleged crimes. Tairu, 1993 WL 36127 at *2. The court also addressed petitioner's argument that his trial counsel should have called petitioner as a witness to explain his version of events, and found that "this was a matter of trial strategy and is not a ground to set aside the verdict." Tairu, 1993 WL 36127 at *2. Petitioner appealed the decision to the Second Circuit Court of Appeals, which dismissed the appeal as so lacking in merit as to be frivolous

within meaning of 28 U.S.C. § 1915. See Tairu v. United States, No. 93-2129 (2d Cir. Oct. 8, 1993).

In a letter dated December 5, 2003 and received by this court on December 10, 2003, petitioner sought permission to file a successive motion under 28 U.S.C. § 2255. The court transferred the motion to the Court of Appeals, which denied the motion on March 30, 2004, because petitioner failed to meet the criteria set forth in 28 U.S.C. § 2244(b). See Tairu v. United States, No. 04-0484 (2d Cir. Mar. 30, 2004). Notwithstanding the ruling of the Court of Appeals, petitioner filed a successive habeas petition in the district court on February 22, 2005. The petition asserted as grounds for vacating or setting aside his conviction ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and admission of unlawfully acquired evidence. Regarding his claim of ineffective assistance of trial counsel, petitioner claimed that his trial counsel failed to adequately prepare and investigate for trial, failed to move to suppress illegally acquired evidence and inadmissible hearsay, and deprived him of his right to testify at the trial. Because the Court of Appeals denied petitioner's motion to file a successive § 2255 petition, the district court transferred the successive petition to the Court of Appeals. See Tairu v. United States, No. 92-CV-977 (E.D.N.Y. Mar. 3, 2005).

On May 3, 2005, the Court of Appeals for the Second Circuit denied as unnecessary petitioner's request for leave to file a successive motion under 28 U.S.C. § 2255 after holding that the instant petition was in fact petitioner's first § 2255 petition, because his previous motion for a new trial, which was treated by the late Judge Nickerson as a § 2255 petition, was filed before petitioner was in custody under a sentence. Tairu v. United States, No. 05-1035-op (2d Cir. May 3, 2005); see also Stantini v. United States, 140 F.3d 424, 426 (2d Cir. 1998). The

Court of Appeals transferred the petition to the district court for consideration. Tairu, No. 05-1035-op (2d Cir. May 3, 2005) This court ultimately dismissed the petition as untimely because the statute of limitation for petitioner's filing a petition for a writ of habeas corpus expired on April 24, 1997, and denied petitioner a certificate of appealability. Tairu v. United States, 05-CV-1078 (E.D.N.Y. Aug. 11, 2005). The Court of Appeals also denied a certificate of appealability, holding that petitioner had not made a showing that "'jurists of reason would find it debatable whether the district court was correct in its procedural ruling' as to the untimeliness of the" petition. Tairu v. United States, No. 05-5088-pr (2d Cir. May 25, 2006) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)). Petitioner then filed a notice of appeal with the Court of Appeals, and a motion in this court to vacate the court's decision pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(3). The Court of Appeals denied the motion for an order of appealability. Tairu v. United States, No. 06-4793-pr (2d Cir. Oct. 23, 2006). This court denied petitioner's Rule 60(b) motion, see Tairu v. United States, No. 05-CV-1078 (E.D.N.Y. Sept. 28, 2006), and the Court of Appeals dismissed petitioner's appeal of the decision. See Tairu v. United States, No. 06-4793-pr (2d Cir. Feb. 6, 2008).

On January 12, 2009, petitioner filed this petition for a writ of error coram nobis to vacate his judgment of conviction. He asserts that he is entitled to this writ because of the ineffectiveness of his trial counsel, who was allegedly unprepared for trial and who violated his right to testify on his own behalf, and the ineffectiveness of his counsel at sentencing and on appeal, who allegedly violated professional ethics, procedural requirements, and his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.

II. Discussion

A. <u>Legal Standard</u>

A writ of error coram nobis is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651, and is generally used to review a criminal conviction where a habeas corpus motion under 28 U.S.C. § 2255 is unavailable because the petitioner is no longer serving the sentence which he challenges. <u>Porcelli v. United States</u>, 404 F.3d 157, 158 (2d Cir. 2005). However, "'the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writes Act, that is controlling.'" <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996) (quoting <u>Penn. Bureau of Corr. v. U.S. Marshals Serv.</u>, 474 U.S. 34, 43 (1985)). Coram nobis is essentially a remedy of last resort and should be allowed only when necessary to achieve justice and where "extraordinary circumstances are present." <u>See United States v. Morgan</u>, 346 U.S. 502, 511 (1954); <u>Nicks v. United States</u>, 955 F.2d 161, 167 (2d Cir. 1992). The petition for the writ "is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which" fundamental errors have rendered the proceedings "irregular and invalid." <u>Foont v. United States</u>, 93 F.3d 76, 78 (2d Cir. 1996). The proceedings leading to the petitioner's conviction are presumed to be correct, and the burden rests on the petitioner to show otherwise. <u>Fleming v. United States</u>, 146 F.3d 88, 90 (2d Cir. 1998).

To obtain coram nobis relief a petitioner must demonstrate that (1) there are "circumstances compelling such action to achieve justice;" (2) "sound reasons exist for failure to seek appropriate earlier relief;" and (3) the petitioner "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." <u>United States v. Mandanici</u>,

205 F.3d 519, 524 (2d Cir. 2000). Failure to allege satisfactorily any of these elements subjects the petition to dismissal. See Fleming, 146 F.3d at 90.

B. Analysis

Petitioner asserted in his petition that he is "slated for removal proceedings" as a result of this case, see Pet. at 13, and in his reply brief that he is "going through . . . immigration proceedings now," and he suffers continuing legal consequences "because of his current immigration proceeding, stemming from the . . . conviction." (Pet'r Reply Mem. at 9-10.) Pending immigration proceedings satisfies the third requirement of a continuing legal consequence. See Tocci v. United States, 178 F. Supp. 2d 176, 181 (N.D.N.Y. 2001); United States v. Ko, No. 93-CR-521, 1999 WL 121630, *4 (S.D.N.Y. Dec. 20, 1999) (holding that deportation proceedings are sufficient to demonstrate adverse legal consequences). However, petitioner "must at least point to a concrete threat that an erroneous conviction's lingering disabilities cause serious harm . . . [I]t is not enough to raise purely speculative harms." Fleming, 146 F.3d at 91 (quoting United States v. Craig, 907 F.2d 653, 658 (7th Cir. 1990)) (internal quotation marks omitted). Assuming that immigration proceedings have commenced against petitioner and are not "purely speculative," thus satisfying the third requirement, petitioner cannot meet the first two conditions.

First, petitioner cannot show that there are "circumstances compelling such action to achieve justice," basically because his claims are without merit. Petitioner contends that the circumstance compelling his requested relief is his ineffective representation by both his trial counsel and his counsel at sentencing and on appeal. In order to show ineffective assistance of counsel the defendant must show that the counsel's representation "fell below an objective

standard of reasonableness" judged by "prevailing professional norms" and that "there is a reasonable probability but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 687-88, 694 (1984). Under the first prong of the Strickland test, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Petitioner previously raised the claim of ineffective assistance of trial counsel in his 1992 letter motion construed by the court as a § 2255 petition. This court, after sitting through the trial and re-reading the trial transcript, assessed the merits of petitioner's claim and held that it was "satisfied that the performance of [petitioner's] trial counsel fell within the range of reasonable professional assistance." Tairu, 1993 WL 36127, at *1. In particular, this court found no merit in claims that petitioner raises again here, that his counsel did not investigate the case and that he was not called as a defense witness. See id. at *1-2. It appears to the court that petitioner has merely restyled his original accusation that his trial counsel should have called him as a defense witness to his new allegation that his attorney prevented him from testifying on his own behalf. Even assuming this claim had not previously been assessed by the court, the court finds, after reviewing the affidavit of petitioner's trial counsel Paul Morgenstern asserting that petitioner made a mutual decision not to testify and if he had decided to testify his attorney would not have stopped him, that petitioner's "barebones assertion" is insufficient to justify a hearing on petitioner's claim and does not meet the standard for ineffective assistance. See Polanco v. United States, No. 00-CV-190, 2005 WL 1229255, at *2 (E.D.N.Y. May 23, 2005); Morgenstern Aff. ¶¶ 4-5.

Petitioner also previously raised the claim of ineffective assistance of his sentencing and appellate counsel, in what was later construed as his first petition pursuant to 28 U.S.C. § 2255, but the court was time-barred from addressing the merits of his claim. Petitioner contends in this petition that his representation at sentencing and on appeal was deficient because his attorney did not move the court for a new trial prior to sentencing based on his trial attorney's alleged violation of petitioner's Fifth Amendment right to testify, failed to raise ineffective assistance of trial counsel in the direct appeal he filed on petitioner's behalf, and failed to consult petitioner about the substance of the direct appeal. (Pet. at 5, 9-10; Pet'r Reply Mem. at 9.) Petitioner asserts that the trial court would have granted him a new trial if his attorney had so moved the court prior to sentencing. (Pet'r Reply Mem. at 7-8.) Petitioner's claim fails because, had the appellate counsel raised the claim that petitioner was prevented from testifying as grounds for a new trial or on direct appeal as a basis for an ineffective assistance of trial counsel claim, the claim would have lacked merit for the same reason that his ineffective assistance of trial counsel claim lacked merit. Judge Nickerson, who presided over petitioner's trial, found that "the performance of [petitioner's] trial counsel fell within the range of reasonable professional assistance." Tairu, 1993 WL 36127, at *1. None of petitioner's allegations are sufficient to constitute "extraordinary circumstances" to justify granting the requested writ.

Second, petitioner cannot show an excuse for his failure to seek earlier appropriate relief or to file this petition earlier. Although the Second Circuit has recognized that, "because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations," Foont, 93 F.3d at 79, it has also noted that "coram nobis relief may be barred by the passage of time." Id. In Foont, the Circuit

established as the critical inquiry whether petitioner is able to show "justifiable reasons" for the delay. Id. at 80. Petitioner filed this petition nearly seventeen years after he was sentenced and the Court of Appeals affirmed his conviction. Having been present at his trial and sentencing, and having interacted with his appellate attorney, he was aware of the occurrences he now complains of, when they occurred between 1990 and 1993. Furthermore, this petition asserts the ineffectiveness of trial counsel claim that was first denied by a decision of this court issued on February 1, 1993, and the ineffectiveness of appellate counsel claim that was dismissed as time-barred on August 11, 2005. Petitioner offers no reason for the delay in filing this petition after his habeas petition was deemed time-barred. Of greater significance, petitioner has in essence used this petition in an attempt to re-litigate issues previously raised and rejected by the court. Petitioner blames has failure to seek earlier relief on his appellate counsel's "ineffectiveness and shyster attitude" with regard to the direct appeal. (Pet'r Reply Mem. at 10.) Petitioner has failed to demonstrate sufficient reasons for his delay in filing this petition about events that transpired 17 years ago.

III. Conclusion

For the reasons set forth above, the petition for a writ of error coram nobis is denied. Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336 (2003); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000). The Clerk of the Court is directed to close this case.

SO ORDERED.

/S/

Allyne R. Ross
United States District Judge

Dated: July 6, 2010
      Brooklyn, New York

SERVICE LIST:

>   *Pro Se Petitioner*
>   Suraj O. Tairu
>   9510 Underwood Street
>   Lanham, MD 20706
>
>
>   Thomas M. Sullivan, Esq.
>   United States Attorney's Office
>   Eastern District of New York
>   610 Federal Plaza
>   Central Islip, NY 11722

cc:            Magistrate Judge Lois Bloom